UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANLUIS DEVELOPMENTS, L.L.C., SANLUIS
INVESTMENTS, L.L.C., and SANLUIS
CORPORACION, S.A. DE C.V.,

06 Civ. 11531 (RJH)

Petitioners,

-against-

**MEMORANDUM OPINION
AND ORDER**

CCP SANLUIS, L.L.C. and AIP-SANLUIS,
L.L.C.,

Respondents.

---

Petitioners Sanluis Developments, L.L.C. (the "Company"), Sanluis Investments, L.L.C. ("Sanluis Investments"), and Sanluis Corporación, S.A. de C.V. ("Sanluis Corporación"), filed a petition in state court to vacate an interim arbitration award rendered on July 16, 2006 and a final award dated September 21, 2006, which included the addition of costs and attorneys' fees. Respondents CCP Sanluis, L.L.C. ("CCP Sanluis"), and AIP-Sanluis, L.L.C. ("AIP-Sanluis"), removed the action to federal court pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(a). Respondents moved to dismiss the petition to vacate the arbitration award. In an Opinion and Order dated August 2, 2007, the Court granted respondents' motion to dismiss the petition to vacate. On August 3, 2007, the Clerk of Court entered judgment accordingly. On August 17, 2007, respondents moved the Court to modify the judgment and confirm the arbitration award, or in the alternative, to issue a new order and judgment confirming the award. On August 31, 2007, petitioners filed a cross-motion styled as a "motion to dismiss respondents'

1

motion to confirm." Petitioners argue that this Court should not grant respondents the relief they seek for five reasons: (1) the respondents' motion to modify the judgment does not meet the standards of Federal Rule of Civil Procedure 59(e); (2) the respondents' opposition to the motion to vacate an arbitration award should not be treated as a motion to confirm; (3) treating respondents' opposition as a motion to confirm is inconsistent with the Inter-American Convention on International Arbitration; (4) the respondents' motion to confirm is untimely; (5) and the respondents failed to effect proper service of process. (See Pets.' Mem. of Law in Opp'n to Resps.' Mot. at 1 ("Pets.' Mem."); Pets.' Reply Mem. of Law at 4–6 ("Pets.' Reply").)

For the reasons that follow, respondents' motion [15] is granted and petitioner's cross-motion [17] is denied.

## DISCUSSION

### I. Motion to Alter or Amend the Judgment

"Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment . . . ." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). Courts in this Circuit have held that to prevail on such a motion, "the movant must [either] present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision . . . [or] demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (internal citations omitted); *see also Munafo*, 381 F.3d at 105 (holding that district courts "may alter or amend judgment to correct a clear error of law or prevent manifest injustice"); *Kingdom 5-KR-41 v. Star Cruises PLC*, No.

01 Civ. 2946 (DLC), 2005 U.S. Dist. LEXIS 762, at *7 (S.D.N.Y. Jan. 20, 2005) (noting that the Supreme Court has held that Rule 59(e) was meant to allow courts to "rectify their own mistakes in the period immediately following entry of judgment" and vacating judgment on the grounds that the court had overlooked certain claims by the movant); *see also Weiss v. Union Cent. Life Ins. Co.*, 65 Fed. Appx. 347, 350 (2d Cir. May 9, 2003) ("A motion to amend a final judgment pursuant to Fed. R. Civ. P. 59(e) must be filed within ten days of entry and will generally not be granted unless the moving party can point to facts or controlling decisions overlooked by the court."). "New facts, issues or arguments not previously presented to the court may not be presented" on a motion under Rule 59(e). *Harrison v. Harlem Hosp.*, No. 05 Civ. 8271 (WHP), 2008 U.S. Dist. LEXIS 25139 (S.D.N.Y. Feb. 28, 2008). Likewise, a motion to amend the judgment "may not treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Seinfeld v. Worldcom, Inc.*, No. 06 Civ. 13274 (DLC), 2007 U.S. Dist. LEXIS 39164, at *3–*4 (S.D.N.Y. May 31, 2007). The decision to grant or deny a motion under Rule 59(e) is entrusted to the sound discretion of the district court. *See Devlin v. Transp. Communs. Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999).

      In this case, respondents timely filed a motion to alter the judgment on the basis that the Court overlooked the question of the effect of a dismissal of the petition to vacate. The issue was raised by the parties in their respective reply papers. Petitioners noted that the action was styled a petition to vacate because it was originally filed in state court. (Pets.' Reply 1, n.1, Dec. 15, 2006.) As a result, they requested that the Court construe their petition as a motion to vacate under 9 U.S.C. § 10. (*Id.*) Respondents

3

replied that they accepted this treatment of the petition on the understanding that a dismissal of the petition to vacate would be treated as a decision on a motion to confirm. (Resps.' Reply 1, n.1, Dec. 22, 2006.) However, the Court's August 2, 2007 Opinion and Order did not address the question raised by the parties' papers regarding the effect of a dismissal of the petitioner. Indeed, the Court simply overlooked respondents' unexceptional request. Accordingly the Court exercises its discretion to reconsider its Opinion and Order, and for the reasons that follow, grants respondents' motion to alter the judgment to reflect the confirmation of the September 21, 2006 Arbitration Award.

## II. Respondents' Motion to Dismiss Petitioners' Motion to Vacate the Arbitration Award was a Motion to Confirm the Arbitration Award

When a party moves to dismiss a motion to vacate an arbitration award, the court may, *sua sponte*, treat the motion to dismiss as a motion to confirm the award. *Thyssen, Inc. v. M/V Markos N*, 97 Civ. 6181 (MBM), 2001 U.S. Dist. LEXIS 11560, at *2 (S.D.N.Y. 2001) ("Although defendants frame their motion as one to dismiss, I will treat it as a motion to confirm the arbitration award."); *Maidman v. O'Brien*, 473 F. Supp. 25, 27 (S.D.N.Y. 1979)[1] ("[A]lthough Evans has not sought to have the arbitration decision confirmed pursuant to 9 U.S.C. § 9, there is authority for treating such motions to dismiss

---

[1] Petitioners argue that *Maidman* is factually distinguishable. They assert that *Maidman* is inapposite because that case concerned a movant "seek[ing] to dismiss claims pending in litigation that have been determined in arbitration." (Pets.' Mem. at 7.) Here, on the other hand, respondents' motion sought to dismiss petitioners' petition to vacate the arbitration award. (Id. at 8–9.) Petitioners' argument is meritless. The court in *Maidman* reasoned that when a party moves for the court to consider the merits of an arbitration award, the court may treat that motion as a motion to confirm. *See Maidman*, 473 F. Supp. at 27 n.2 ("The Court of Appeals for this Circuit uniformly has construed Rule 54(c) to require the granting of relief to which a party is entitled irrespective of the form of action or the prayer for relief." (citing *Brown v. Bridgeport Rolling Mills Co.*, 245 F. Supp. 41, 46 n.8 (D. Conn. 1965))). Accordingly, one district court relied on *Maidman* to treat a motion for summary judgment as a motion to confirm an arbitration award. *See Andrea Doreen Ltd v. Building Material Local Union 282*, 250 F. Supp. 2d 107, 111 (E.D.N.Y. 2003) ("Although the court in *Maidman* inferred a request for confirmation from a motion to dismiss, the court's reasoning also applies to the summary judgment motion in this case.") The reasoning of *Maidman* applies with equal force to respondents' motion to dismiss petitioners' motion to vacate the arbitration award.

as implicitly seeking that confirmation . . . ."); *GE v. Anson Stamping Co.*, 426 F. Supp. 2d 579, 591 (W.D. Ky. 2006) ("Anson's motion to dismiss GE's motion to vacate is in all respects the practical equivalent of a motion to confirm . . . ."). *See also Brown v. Bridgeport Rolling Mills Co.*, 245 F. Supp. 41, 45 (D. Conn. 1965) ("[T]his Court's judgment in the prior proceeding denying the Company's motion to vacate the award and granting the motion by Brown and the Union for judgment on the record and pleadings was in effect a judgment confirming the award . . . ." ). *Cf.* An*drea Doreen, Ltd. v. Bldg. Material Local Union 282*, 250 F. Supp. 2d 107, 111 (E.D.N.Y. 2003) (holding that a "summary judgment motion can be viewed as an implicit request for confirmation of that award"); *Markowski v. Atzmon*, 92 Civ. 2865 (LFO), 1994 U.S. Dist. LEXIS 4998, at *2 (D.D.C. 1994) (granting untimely motion to confirm because the court previously granted a motion to dismiss a petition to vacate the award).

This is logical. The motion to confirm an arbitration award under § 9 of the FAA and the motion to vacate under § 12 of the FAA are related. The two motions submit identical issues for judicial determination. *See e.g.*, *Markowski*, 1994 U.S. Dist. LEXIS 4998, at *2 ("A motion for confirmation involves the same substantive consideration as a motion to vacate."). Accordingly, when a court denies a motion to vacate an arbitration award, the court's judgment has the effect of collateral estoppel; the parties cannot relitigate the validity of the award. *See Brown*, 245 F. Supp. at 45 (in a proceeding to vacate an arbitration award, the "opposing parties [are] required to object upon all grounds which might be urged in support of a proceeding to confirm the award"). It is therefore sensible for the court to treat a party's opposition to a motion to vacate as a request to confirm the award.

5

Of course, in this case, respondents specifically requested that the Court treat their motion to dismiss the petition as having the effect of a motion to confirm. Because it would have been appropriate for the Court *sua sponte* to treat the motion to dismiss as a motion to confirm, the Court finds that respondents' request for such treatment should be granted. Thus, respondents' November 22, 2006 motion to dismiss the petition to vacate should be treated as a motion to confirm the arbitration award.

**III. Inter-American Convention on International Arbitration ("the Inter-American Convention")**

Nevertheless, petitioners claim that a court should not treat the denial of a motion to vacate as a motion to confirm if the arbitration was conducted pursuant to the Inter-American Convention. Petitioners offer two reasons why distinctions between a motion to vacate and a motion to confirm "have particular force in an international arbitration like this one conducted pursuant to the [Inter-American Convention]." (Pets.' Reply at 5.) First, plaintiffs claim that while international criteria govern a motion to confirm an award subject to the Inter-American Convention, domestic law governs a motion to vacate such an award. Second, while the Inter-American Convention provides federal courts with jurisdiction to hear motion to confirm, a federal court must have an independent basis for subject matter jurisdiction to hear motion to vacate.

*1. International and Domestic Criteria*

The first argument is without merit. As noted above, the Inter-American Convention incorporates the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq*. *See* 9 U.S.C. § 302 (2000) ("Sections 202, 203, 204, 205, and 207 of this title [9 U.S.C. §§ 202, 203, 204, 205, and 207] shall apply to

this chapter [9 U.S.C. §§ 301 *et seq.*] . . . .). Thus, under the Inter-American Convention, "[t]he [reviewing] court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award in the said Convention." 9 U.S.C. § 207 (2000). Under Article V(1)(e) of the Convention, one ground for refusing to recognize an arbitral award is that "[t]he award has not become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." In, *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir. 1997), the Second Circuit held that Article V(1)(e) allows "a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate that arbitral award." *Yusuf Ahmed*, 126 F.3d at 21.

Therefore, under *Yusuf*, when the Inter-American Convention applies to an arbitration award rendered under United States law, a court engages in the same inquiry when addressing a motion to confirm and a motion to vacate.

For example, in *Caja Nacional De Ahorro Y Seguros in Liquidation v. Deutsche Ruckversicherung AG*, 06 Civ. 5826 (PKL), 2007 U.S. Dist. LEXIS 56197, at *6 (S.D.N.Y. 2007), the petitioners moved pursuant to the New York Convention to vacate an arbitration award rendered under United States law. The respondents cross-moved to confirm the award. Quoting *Yusuf*, the district court held that the FAA was the applicable law. *Id.* at *6 ("[When] 'a party [seeks] to vacate or set aside an award in the state of which, or under the law of which the award is rendered . . . such a motion is to be governed by domestic law of the rendering state, despite the fact that the award is nondomestic within the meaning of the Convention.'" (quoting *Yusuf Ahmed*, 126 F.3d at

23)). The court denied all of the petitioners' claims to vacate or modify the award under the FAA. Addressing the motion to confirm, the court noted "the [New York] Convention gives jurisdiction to the courts of the United States to confirm an arbitration award. Under the Convention, a court 'shall confirm the award unless it finds one of the grounds for refusal or deferral . . . specified in the Convention.'" *Id.* at *19. Stating that "no such grounds have been brought to the Court's attention" and that "the grounds brought forward by [the petition to vacate] do not meet the high burden that [the petitioner] must bear in order for the Award to be vacated or modified," court granted the motion to confirm the award. *Id.* Thus, *Caja Nacional* demonstrates that, when the Convention laws apply and the arbitration award was rendered under United States law, a court engages in the same inquiry with respect to a motion to confirm as with a motion to vacate.

*2. Basis of Jurisdiction*

The second argument—that, while a federal court needs an independent basis of subject matter jurisdiction to hear a motion to vacate, the Inter-American Convention provides federal courts with jurisdiction to hear motion to confirm—is also irrelevant here. Here, it is uncontested that the Court has jurisdiction over either motion. Thus, petitioners' argument misses the mark.

It may be true that, in some instances, a court reviewing an arbitration award under the Inter-American Convention must treat a motion to confirm differently from a motion to vacate. Here, however, it is uncontested that the Inter-American Convention applies and that the arbitration award was rendered under United States law. Moreover, the Court has subject matter jurisdiction to hear both motions. Thus, under these

circumstances, the judicial inquiry in addressing motion to confirm is the same as that with respect to a motion to vacate.

**IV.     Timeliness of the Motion to Confirm**

Petitioners assert that the respondents' motion to confirm is untimely. (See Pets.' Mem. at 9.) The Court holds that the motion to confirm is timely under the Inter-American Convention on International Commercial Arbitration ("the Inter-American Convention"), or alternatively, the motion is timely under Section 9 of the FAA.

*1. Inter-American Convention on Arbitration*

The respondents' motion is timely under Section 302 the Inter-American Convention, 9 U.S.C. § 302 (2000), which applies in this case. The Inter-American Convention expressly incorporates the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), 9 U.S.C. § 201 *et seq.* (2000), including section 207, which sets a three-year statute of limitations:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter [9 USCS §§ 201 et seq.] for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

*Id.* at § 207.

Since the award was rendered on July 16, 2006, and a three-year statute of limitations applies under the Inter-American Convention, the respondents' motion to confirm is timely.

*2. Section 9 of the FAA*

Alternatively, even if Section 9 of the FAA applies as petitioners contend, the respondents' motion to confirm is timely.

Section 9 of the FAA states that

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration *may* apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C. § 9 (2000). The Second Circuit has interpreted the word "may" in § 9 "as permissive, but only within the scope of the proceeding adverbial phrase: 'at any time within one year after the award is made.'" *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003). Thus, "[Section] 9 of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA." *Id. See also Kerr-McGee Refinery Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991) ("[U]nder the Arbitration Act a party has one year to avail itself of summary proceedings for confirmation of an award.")

Petitioners contend that the "award [was] made" on July 19, 2006; thus, they argue that the one-year period expired on July 19, 2007. (Pets.' Mem. at 9.) Therefore, if the Court were to treat respondents' August 17, 2007 motion to alter the judgment as a motion to confirm, the motion indeed would be untimely (ignoring the Inter-American Convention). As noted above, however, the court will treat the respondents' November 22, 2006 motion to dismiss as a motion to confirm. Therefore, the respondents' motion would be timely when made even if respondents moved to confirm under 9 U.S.C. § 9 (2000). Several courts have adopted this sensible view. *See Anson Stamping Co.*, 426 F. Supp. 2d at 591 ("[O]ne fashion in which the one-year statute of limitations of § 9 has

10

been held to be satisfied is when the prevailing party at arbitration successfully opposes a timely motion to vacate or modify the award filed by the non-prevailing party pursuant to § 12 of the FAA."); *Maidman*, 473 F. Supp. at 27 ("[W]hen a party objects to an arbitration decision on the merits, the possible untimeliness of the confirmation application has been viewed as waived."). *Cf. Markowski*, 1994 U.S. Dist. LEXIS 4998, at *2 ("[A]n objection to the arbitration decision may be treated as a waiver of any objection to the timeliness of confirmation.").

V.     **Service of Process**

Petitioners also argue that respondents failed to serve the motion to confirm. (See Pets.' Mem. at 9.) This argument is meritless. Petitioners initiated the action to vacate the arbitration award. Thus, the respondents, in moving to confirm the award, did not have to fulfill the service requirements of Rule 4 of the Federal Rules of Civil Procedure. *Cf. Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982) (voluntary appearance waives a claim that failure to serve individuals resulted in lack of personal jurisdiction).

## CONCLUSION

For the reasons stated above, respondents' motion [15] is granted and petitioners' cross motion to dismiss respondents' motion [17] is denied. The Clerk of the Court is directed to amend the August 3, 2007 judgment accordingly.

SO ORDERED.

Dated:  New York, New York
        June 3, 2008

Richard J. Holwell
United States District Judge